UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KRISTINA STAVROULAKIS ) Case No. 3:21-cv-653-DJH
) ELECTRONICALLY FILED
PLAINTIFF )
vs. )
)
FEDEX FREIGHT, INC. )
)
DEFENDANTS )

_____

**DEFENDANT, FEDEX FREIGHT, INC.'S, RULE 26(A)(1) DISCLOSURES**
_____

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and based upon the information reasonably available to it, Defendant FedEx Freight, Inc. ("Defendant") makes the following initial disclosures. By making these disclosures, Defendant does not waive its right to object to the testimony of any witness or the production or use of any document, electronically stored information, or tangible thing on the basis of privilege, the work-product doctrine, relevancy, undue burden, materiality, or any other ground. Defendant reserves the right to supplement these disclosures in accordance with Rule 26(e). Discovery is ongoing.

I.   **Rule 26(a)(1)(A)(i): Individuals likely to have discoverable information that Defendants may use to support their claims or defenses**

Based upon the information reasonably available to Defendants, and subject to Defendant's rights to amend and supplement these disclosures in accordance with Rule 26(e), Defendants disclose that the following individuals may have discoverable information that Defendants may use to support their claims or defenses:

a.    Plaintiff, Kristina Stavroulakis, 9201 Trentham Lane, Louisville, Kentucky 40242, concerning the nature of the subject accident and her claimed injuries and medical treatment;

b.    A corporate representative for FedEx Freight, Inc., 7306 N Baker Road, Fremont, Indiana 46737 and with corporate headquarters at 942 South Shady Grove Road, Memphis, Tennessee 38120;

c.    John Moore, the FedEx tractor trailer operator, 215 Reed Road, Bristol, Tennessee, 37620, concerning the circumstances and nature of the subject accident

d.    Bobby Bullington, Tennessee Highway Patrol, concerning his investigation of the subject accident;

e.    Any and all "John Doe" witnesses at the scene who are unidentified but may or will later come forward;

f.    Any and all medical records custodians needed to certify Plaintiff's treatment records;

g.    Defendant reserves the right to call each and every witness listed by Plaintiff, or identified in discovery;

h.    Defendant reserves the right to call witnesses, including experts, needed for rebuttal or impeachment purposes;

i.    Defendant reserves the right to call additional medical providers who may have treated Plaintiff prior to the incident giving rise to this claim;

j.    Defendant reserves the right to call witnesses by video or live at trial; and

  k.  Defendant respectfully reserves the right to amend this list as additional information may become available.

 Discovery is ongoing. Defendant reserves its rights to amend and supplement these initial disclosures in accordance with Rule 26(e).

**II. Rule 26(a)(1)(A)(ii): Documents, electronically stored information, and tangible things that Defendants may use to support their claims and defenses.**

 Based upon information currently available to Defendant, and subject to Defendant's rights to amend and supplement these disclosures in accordance with Rule 26(e), Defendant discloses that it may use the following documents, electronically stored information, or tangible things in their possession or control to support their claims or defenses in this action:

  a.  Tennessee Electronic Traffic Crash Report;

  b.  Photographs and/or videos of the accident or the vehicles involved in the subject accident;

  c.  Maps, diagrams, and sketches of the scene of the incident, including, but not limited to, those created by the parties, police, and by expert witnesses;

  d.  Any and all pleadings;

  e.  Documents and exhibits identified by any party;

  f.  Any documents necessary for rebuttal or impeachment purposes;

  g.  Defendant reserves the right to utilize any exhibit identified or listed by any party;

  h.  Defendant reserves the right to enlarge any of the exhibits that may be used at trial of this matter for purposes of clarity and presentation; and

  i.  Defendant respectfully reserves the right to amend this exhibit list as additional information may become available and for good cause shown.

The documents listed above are located with Defendant and its representatives. Defendant reserves its right to amend and supplement these initial disclosures in accordance with Rule 26(e).

**III.    Rule 26(a)(1)(A)(iii): Computation of Damages Claimed by Defendants**

Rule 26.01(a)(1)(A)(iii) is not applicable because Defendant has not brought any claim for damages in this case.

**IV.    Rule 26(a)(1)(A)(iv): Insurance Agreements**

The applicable Protective Insurance Policy declarations page will be produced concurrently with these Initial Disclosures.

Discovery is ongoing. Defendant reserves its right to amend and supplement these initial disclosures in accordance with Rule 26(e).

Respectfully submitted,

*/s/ Gene F. Zipperle, Jr.*
GENE F. ZIPPERLE, JR.
AMY N. WALTS
WARD, HOCKER & THORNTON, PLLC
9300 Shelbyville Road, Suite 700
Louisville, Kentucky 40222
(502) 583-7012
(502) 583-7018 (Fax)
GZipperle@whtlaw.com
Amy.walts@whtlaw.com
*Counsel for Defendant*
*FedEx Freight, Inc.*

## **CERTIFICATE**

I hereby certify that on the 13th day of January, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System, and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

Grover S. Cox
635 W. Main St, Suite 300B
Louisville, Kentucky 40202
Phone: (502) 410-0404
*Counsel for Plaintiff*

/s/ Gene F. Zipperle, Jr.
GENE F. ZIPPERLE, JR.
AMY N. WALTS
*Counsel for Defendant*
*FedEx Freight, Inc.*

4879-9768-2697, v. 1

 **PROTECTIVE** I N S U R A N C E

111 Congressional Blvd., Suite 500 | Carmel, IN 46032

Subject to the Terms and Conditions attached to and forming a part hereof, hereby agrees to indemnify

No.___X-1981-19___

___X-1981-18___
Renewal of Number

# DECLARATIONS

ITEM 1
    (a) **NAMED INSURED**:    FEDEX FREIGHT CORPORATION
                                (Also see Endt. No. 2 for **Related Insureds**)

    (b) ADDRESS:              1715 Aaron Brenner Drive
                                  Memphis, TN 38120

ITEM 2
    Contract Period:          October 1, 2019 to October 1, 2020,
                                12:01 A.M., Standard Time at the address
                                of the **Named Insured** as stated herein.

ITEM 3
    Coverages Provided:

| | Included | Not Included |
|---|---|---|
| Coverage A **(Personal Injury Liability)** | X | |
| Coverage B **(Property Damage Liability)** | X | |
| Coverage C **(Uninsured & Underinsured Motorists)** | SEE ENDORSEMENT NO. 4 | |
| Coverage D **(Personal Injury Protection)** | SEE ENDORSEMENT NO. 4 | |
| Coverage E **(Cargo Legal Liability)** | | X |
| Coverage F **(Physical Damage-Comprehensive)** | | X |
| Coverage G **(Physical Damage-Collision)** | | X |
| Coverage H **(Workers' Compensation/ Occupational Disease** where qualified as a self-insured**)** | | X |
| Coverage I **(Employers Liability)** | | X |

ITEM 4
    Limit of Indemnity:        $15,000,000 combined single limit per **occurrence** less **self retention** for Coverages A, B and Coverages C and D only if these coverages have not been waived or rejected by the **insured**; and if not waived or rejected, only to the limit selected by the **insured**, combined, except;

                                $10,000,000 combined single limit per **occurrence** less **self retention** for general liability.

                                Subject to an aggregate limit of

                                $20,000,000 as respects **general liability** less **self retention** per occurrence.

PE-XS-101
Revision 9 (04/08)



**111 Congressional Blvd., Suite 500 | Carmel, IN 46032**

Subject to the Terms and Conditions attached to and forming a part hereof, hereby agrees to indemnify

No.   X-1981-19

# DECLARATIONS (Page 2)

ITEM 5
Self Retention:                          $15,000,000 per **occurrence** for Coverages A, B, C and D combined.

$10,000,000 per **occurrence** for general liability.

ITEM 6
Premium Rate:                          $ Included

ITEM 7
Endorsements at
Inception:                                 1-16


_Sally Wignall_
Secretary

President

Countersigned at _____Carmel, IN_____ this ___1st___ day of___October___, 20_19_

Authorized Agent

PE-XS-101
Revision 9 (04/08)